IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-43,490-04






EX PARTE ANSON VERNON MOORE, II, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR17910-B IN THE 35TH JUDICIAL DISTRICT COURT


FROM BROWN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while
intoxicated and sentenced to fifty years' imprisonment. The Eleventh Court of Appeals affirmed his
conviction. Moore v. State, No. 11-05-00393-CR (Tex. App. - Eastland, February 14, 2008, pet.
ref'd).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance for a
number of reasons. Applicant alleges that counsel elected the trial court for punishment against
Applicant's wish to have the jury decide his punishment. Applicant alleges that counsel failed to
object or require the trial court to put on the record its reasons for requiring Applicant to wear a
"security remote-controlled electro-shock stun belt." Applicant alleges that counsel failed to object
when the State used a prospective juror as a "prop" to prejudice other prospective jurors during voir
dire. Applicant alleges that counsel failed to file any pre-trial motions, such as a motion to suppress
on the basis of an illegal stop, motions for discovery and preservation of evidence, and a motion for
notice of the State's witnesses. Applicant alleges that counsel failed to perform an independent
investigation and obtain copies of videotapes of Applicant's arrest and breath test before they were
destroyed. Applicant alleges that counsel advised Applicant to testify untruthfully that he was more
intoxicated than he was, and was unprepared to present the necessity defense at trial. Applicant
alleges that counsel conceded before the jury that the State had proved its case. Applicant alleges
that counsel failed to investigate the validity of or object to the enhancement allegations, and failed
to present any mitigating evidence during punishment. Applicant alleges that counsel failed to object
when the prosecutor called Applicant and his girlfriend liars. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the habeas record with a copy of the trial records, including
any pre-trial motions and a transcript of the proceedings. The trial court shall then make findings
of fact as to whether the performance of Applicant's trial attorney was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 8, 2011

Do not publish